# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FRANK MENSAH,** | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:03CV80 |
| | ) | |
| **RENT-A-CENTER, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| **TAJI GLASS,** | ) | |
| **JOHN DOES AND JANE DOES,** | ) | |
| | ) | |
| Plaintiffs, | ) | 8:04CV199 |
| | ) | |
| vs. | ) | |
| | ) | |
| **RENT A CENTER,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's Motion to Compel Discovery (Filing No. 64).[1] The defendant filed a brief and index of evidence which it attached to the motion.[2] The plaintiff, Frank Mensah, filed a brief (Filing No. 67) and an Affidavit (Filing No. 68) in opposition to the motion. The defendant did not file a reply brief.

The defendant seeks an order compelling the plaintiff: (1) to serve the defendant with <u>verified</u> Answers to the defendant's first and second sets of interrogatories; (2) to supplement responses to Interrogatory Nos. 1(a), 1(b), 11 and 13; (3) to fully respond to Request for Production Nos. 4 and 39; and (4) to supplement the plaintiff's Fed. R. Civ. P. 26(a) initial

---

[1] The motion was filed before consolidation of the cases and all filing numbers refer only to case 8:03CV80.

[2] The moving defendant is reminded that briefs and evidentiary materials, with an index listing each item of evidence, shall be filed separately from the motion. **See** NECivR 7.1(a)(2).

disclosures or Rule 26(a)(3)(A) witness list.  The defendant seeks attorney's fees in connection with the motion to compel.

The plaintiff responds by stating he has complied with the defendant's discovery requests and the requirements of Rule 26.  Specifically, the verification pages for the interrogatories were served on April 27, 2005, the same date as the plaintiff's response brief. **See** Filing No. 69.  The plaintiff also states he supplemented his responses to Interrogatory Nos. 11 and 13 by April 14, 2005, just after the motion to compel was filed.  Additionally, the plaintiff states he faxed a HIPAA-compliant medical records release by April 14, 2005, in response to Request for Production No. 39.  The defendant does not dispute the compliance with the supplemental responses, accordingly, the Court will require no further supplementation as to those discovery requests.  The Court will evaluate the responses to the remaining discovery issues in turn.

### A.    Interrogatory No. 1 and Witness Lists

Interrogatory No. 1 states:

> Identify all witnesses to the events alleged in your Complaint and for each witness, identify:
> (a)   The name, address, and telephone number of each such witness; and
> (b)   The substance and dates of all the information or knowledge about the alleged conduct or discrimination known to each such witness.

**See** Filing No. 64, Exhibit A.

The plaintiff responded by listing seven persons with their addresses and thirteen persons with addresses unknown.  Additionally, the plaintiff stated:

> With regard to sub-part (b), Plaintiff objects to summarizing non-expert testimony as there is no such duty under the federal rules and also on the basis of speculation as Plaintiff does not know what the other witnesses know or do not know.  Without waiving that objection, see Plaintiff's Answer to Interrogatory #3 as such comprises all of the known facts to date known to Plaintiff and his attorneys.

**See** Filing No. 64, Exhibit D. The answer to Interrogatory No. 3 is a five-page narrative explanation of the factual bases for the plaintiff's claims. *Id.*

Similar to the defendant's interrogatories, Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**See** Fed. R. Civ. P. 26 (a)(1)(A). The Advisory Notes to this subdivision of Rule 26 note that its purpose is to "assist other parties in deciding which depositions will actually be needed." **See** Fed. R. Civ. P. 26(a)(1)(A) Advisory Committee's Note (1993). "The spirit of Rule 26(a) . . . is that discovery be self-effectuating, without need to resort to the court, and that its scope be liberal, extending to all matters reasonably calculated to lead to admissible evidence." ***Rolscreen Co. v. Pella Prods. of St. Louis, Inc.***, 145 F.R.D. 92, 95 (S.D. Iowa 1992) (quotation omitted). A party who provides merely a long list of people, who may or may not possess relevant information, could result in needless depositions, thereby violating the "letter and spirit of the required disclosures outlined in Rule 26(a)(1)." ***Lawrence v. Bowersox***, 297 F.3d 727, 734-35 (8th Cir. 2002). Further, where the relevant information is in the possession of the requesting party or obtainable from another source, the non-moving party is not alleviated of its duty to provide the discovery. ***Fort Washington Res., Inc. v. Tannen***, 153 F.R.D. 78, 79 (E.D. Pa. 1994).

The defendant contends the plaintiff has a duty to update the information listed in his response to Interrogatory 1(a). Additionally, the defendant argues the plaintiff's objection to Interrogatory 1(b) is unsustainable. In contrast, the plaintiff states he has complied with any duty to provide witness information in his witness list for trial which was provided on October 1, 2004, pursuant to the progression order. **See** Filing No. 49. The plaintiff contends it is the defendant's burden to cull through the discovery to identify relevant witness testimony. While, the defendant fails to specify any need for any particular witness's address, the Court notes

the plaintiff's trial witness list contains several names for which contact information is not given.

While some of the witnesses are listed as employees of the defendant and one witness is deceased, the plaintiff is responsible for providing the contact information for each trial witness, Additionally, the plaintiff is required under Fed. R. Civ. P. 26(e) to supplement his interrogatory responses.

Federal Rule of Civil Procedure 26(e)(1) mandates that:

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**See** Fed. R. Civ. P. 26(e)(1). The same is required of other discovery responses under Rule 26(e)(2). Accordingly, the plaintiff is not shielded from disclosing information due to the early nature of the initial disclosures.

The Court will grant the defendant's motion to compel as to the information requested in the motion insofar as the plaintiff will be required to supplement their responses and provide any information related to this request that is in the plaintiff's possession or that comes into his possession. This includes address and telephone numbers for each individual listed, with the exception of employees and representatives of the defendant's who are currently represented by counsel and who should be contacted through counsel, as well as information concerning the subject on which each of these individuals has knowledge. This requirement includes any information in the possession of the plaintiff, whether or not such information may possibly be presently in the possession of the defendants. **See *Fort Washington***, 153 F.R.D. at 79. Additionally, the plaintiff shall provide brief descriptions, as sought in Interrogatory 1(b) for each listed witness, to the extent such descriptions have not already been provided to the defendant. Specifically, the plaintiff shall supplement his responses to Interrogatory No. 1 and his initial disclosures, unless duplicative. The plaintiff may wait to

supplement its trial witness list in accordance with the deadline provided in the Court's Progression Order.  **See** Filing No. 71.

### B.	Request for Production No. 4

On August 12, 2003, the defendant served the plaintiff with a set of Requests for Production.  **See** Filing No. 17 (Certificate of Service).  Request for Production No. 4 states: "All income records of Plaintiff for a ten (10) years [sic] prior to Plaintiff's employment with Defendant, whether employed or self-employed, including copies of all federal and state income tax returns with attached schedules relating in any way to income and expense, . . ." **See** Filing No. 64, Exhibit B.  The plaintiff did not object to the request, but stated in response, "Plaintiff's post-Defendant employment documents are enclosed herein." **See** *id.*, Exhibit E.

The evidence is replete with correspondence between counsel regarding the discovery at issue.  In a letter dated February 10, 2004, counsel the defendant sent counsel for the plaintiff a letter stating, "In reviewing Plaintiff's disclosure, noticeably absent were Mr. Mensah's W-2s since 2000, . . .  Additionally, please forward any tax returns of Mr. Mensah from 2000 to the present."  **See** *id.*, Exhibit G.  On February 13, 2004, counsel for the plaintiff responded, "I am also trying to get the 2003 wage/W-2 info as well to supplement."  **See** *id.*, Exhibit H.  On August 4, 2004, counsel for the defendant wrote to counsel for the plaintiff requesting again that the plaintiff fully comply with Request for Production No. 4 and stating the plaintiff's early response "failed to include any of the tax/income-related documentation specifically sought" and reiterating the information sought in the February 10, 2004 letter.  **See** *id.*, Exhibit J.  The letter also recognizes counsel spoke during the plaintiff's deposition and during a telephone conference about the same discovery.  *Id.*  Again, on December 28, 2004, the defendant's counsel sent a letter noting the tax/income related documentation had not been received.  *Id.*, Exhibit L; **see also** Exhibit O (follow up letter from defendant's counsel).  On January 19, 2005, counsel for the defendant sent an electronic mail asking for the "tax information" again.  *Id.*, Exhibit Z.  On January 19, 2005, counsel for the plaintiff stated the tax

information would be produced by January 25, 2005. **See *id.*,** Exhibit AA. However, no new information was forthcoming.

The defendant argues that the plaintiff "has no basis for not providing the requested information." The plaintiff states that the 2003 and 2004 W-2s were produced, not once, but many times over the course of discovery and that no other discovery responsive to Request for Production No. 4 is outstanding. Other than a reference, generally, to the request and the correspondence between counsel, the defendant fails to state what exactly it seeks. The Court agrees the plaintiff is required to fully respond to Request for Production No. 4 and that the plaintiff shall produce the W-2s and tax information requested. The plaintiff does not dispute this. However, the Court is unable, at this time to require production of any particular document because it is unclear what, if anything, is still outstanding. Accordingly, the defendant's motion to compel additional discovery in response to Request for Production No. 4 is denied.

### C.    Sanctions

Federal Rule of Civil Procedure 37(a)(2)(A) provides that if a party fails to make the disclosures required under Rule 26(a), other parties may move to compel the disclosure and for appropriate sanctions. **See** Fed. R. Civ. P. 37(a)(2)(A). Furthermore, Rule 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the nondisclosure by the opposing party. **See** Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" ***Aziz v. Wright***, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re *Stauffer Seeds, Inc.***, 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. ***Starcher v. Corr. Med. Sys.,* Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by

demonstrating that his position is substantially justified. ***Rickels v. City of South Bend***, 33 F.3d 785, 787 (7th Cir. 1994).

"[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." ***Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.***, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." ***Illinois Tool***, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." ***Id.***

In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery. One court has described "substantially justified" as follows.

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

***Brown v. State of Iowa***, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." ***Id.***

The plaintiff's failure to provide all the information mandated by Rule 26(a)(1)(A) and Rules 33 and 34 prompted the defendant to file the instant motion to compel. It appears the plaintiff has repeatedly failed to timely respond to discovery requests and attempts by

defendant's counsel to either clarify or obtain discovery. Accordingly, the Court shall, after the plaintiff has a chance to respond, grant the defendant's reasonable expenses for filing such motion, unless the plaintiff shows substantial and legal justification for the failure to provide timely discovery responses. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. The defendant's motion to compel (Filing No. 64) is granted in part and denied in part. The defendant's motion is granted regarding Interrogatory No. 1 and the plaintiff's Rule 26(a)(1) initial disclosures. The defendant's motion is denied with regard to the other discovery sought.

2. The plaintiff shall have to **on or before June 3, 2005**, to supplement his Rule 26(a) disclosures and response to Interrogatory No. 1.

3. The plaintiff shall have to **on or before June 3, 2005**, to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

Dated this 16th day of May, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge