IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FRANK MENSAH, | ) | |
| | ) | ORDER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:03CV80 |
| | ) | |
| RENT-A-CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| TAJI GLASS, | ) | |
| JOHN DOES AND JANE DOES, | ) | |
| | ) | |
| Plaintiffs, | ) | 8:04CV199 |
| | ) | |
| vs. | ) | |
| | ) | |
| RENT A CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff Frank Mensah's response (Filing No. 76) to this court's May 16, 2005 show cause order (Filing No. 72). The defendant did not file a reply to Mr. Mensah's brief.

In the May 16, 2005 order, the court granted the defendant's motion to compel (Filing No. 64)[1] supplementary responses to Interrogatory No. 1 and the plaintiff's Rule 26(a)(1) initial disclosures. The defendant's motion was denied with regard to the other discovery sought. The court allowed the plaintiff an opportunity to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

In the defendant's motion to compel, the defendant sought an order compelling the plaintiff: (1) to serve the defendant with verified Answers to the defendant's first and

---

[1]The motion was filed before consolidation of the cases and all filing numbers refer only to case 8:03CV80.

second sets of interrogatories; (2) to supplement responses to Interrogatory Nos. 1(a), 1(b), 11 and 13; (3) to fully respond to Request for Production Nos. 4 and 39; and (4) to supplement the plaintiff's Fed. R. Civ. P. 26(a) initial disclosures or Rule 26(a)(3)(A) witness list. The defendant seeks attorney's fees in connection with the motion to compel.

The plaintiff responded to the motion by stating he has complied with the defendant's discovery requests and the requirements of Rule 26. Specifically, the verification pages for the interrogatories were served on April 27, 2005, the same date as the plaintiff's response brief. **See** Filing No. 69. The plaintiff also stated he supplemented his responses to Interrogatory Nos. 11 and 13 by April 14, 2005, just after the motion to compel was filed. Additionally, the plaintiff stated he faxed a HIPAA-compliant medical records release by April 14, 2005, in response to Request for Production No. 39.

Pursuant to the strictures of Federal Rules of Civil Procedure 26(a)(1)(A) and 26(e), the court granted the defendant's motion to compel as to the information requested in Interrogatory No. 1 and with regard to witness lists insofar as the plaintiff was required to supplement their responses and provide any information related to the request that is in the plaintiff's possession or that comes into his possession, including address and telephone numbers for each individual listed, with the exception of employees and representatives of the defendant's who are currently represented by counsel and who should be contacted through counsel, as well as information concerning the subject on which each of these individuals has knowledge. Additionally, the plaintiff was required to provide brief descriptions, as sought in Interrogatory 1(b) for each listed witness, to the extent such descriptions have not already been provided to the defendant. However, the defendant's motion to compel additional discovery in response to Request for Production No. 4 was denied because the court was unable to determine what, if any, responsive document remained outstanding.

The plaintiff's failure to provide all the information mandated by Rule 26(a)(1)(A) and Rules 33 and 34 prompted the defendant to file the disputed motion to compel. The plaintiff had repeatedly failed to timely respond to discovery requests and attempts by defendant's counsel to either clarify or obtain discovery. Accordingly, the court required

the plaintiff to show substantial and legal justification for the failure to provide timely discovery responses. **See** Fed. R. Civ. P. 37(a)(4)(A).

Federal Rule of Civil Procedure 37(a)(2)(A) provides that if a party fails to make the disclosures required under Rule 26(a), other parties may move to compel the disclosure and for appropriate sanctions. **See** Fed. R. Civ. P. 37(a)(2)(A). Furthermore, Rule 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the nondisclosure by the opposing party. **See** Fed. R. Civ. P. 37(a)(4)(A). "A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). "Rule 37 sanctions are to be applied diligently." **In re** *Stauffer Seeds, Inc.*, 817 F.2d 47, 49 (8th Cir. 1987). Where the producing party's actions necessitate the motion to compel, or where their objections and failure to respond are not substantially justified, an award of sanctions is appropriate. *Starcher v. Corr. Med. Sys.,* **Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994).

"[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." *Illinois Tool*, 43 F. Supp. 2d at 960. Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion." *Id.*

In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery. One court has described "substantially justified" as follows.

3

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case." However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

***Brown v. State of Iowa***, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." ***Id.***

The plaintiff has been afforded an opportunity to be heard, in accordance with Rule 37(a)(4)(A). In his response, the plaintiff states the defendant was not prejudiced by the plaintiff's actions because the defendant received all information known to the plaintiff at the time of the initial responses. Additionally, the plaintiff states that although the interrogatories had not been "verified" the defendant deposed the plaintiff concerning the responses. Finally, the plaintiff states he was under no obligation to produce some of the items requested in the motion to compel, which were produced after the motion was filed, or that he had produced some items before the motion was filed.

The court is not persuaded by the plaintiff's contention of "no harm – no foul." The plaintiff's disregarded his duty under the rules and failed to provide substantial and legal justification for his actions for failing to provide timely responses to discovery and supplementation of disclosures. The plaintiff's conduct required the defendant to file a motion to compel causing unnecessary expense and court intervention. Therefore, under the circumstances, the court will require the plaintiff to pay one-half of the expense to the defendant of filing the April 13, 2005 motion to compel. Upon consideration,

**IT IS ORDERED:**

1. The defendant is awarded one-half of its reasonable costs and attorney's fees in bringing the motion to compel (Filing No. 64).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before July 12, 2005,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendant may file **on or before July 12, 2005,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The plaintiff, Frank Mensah, shall have **until on or before July 26, 2005,** to respond to the defendant's application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

## ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

Dated this 27th day of June, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge